IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BRUCE JOSEPH TAYLOR                                    PETITIONER


v.                            NO. 5:07CV00219 JMM-JFF


RICK TONEY, Warden,
Jefferson County Jail/
Correctional Facility                                  RESPONDENT


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District

Court Judge James M. Moody.  Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no

later than eleven (11) days from the date of the findings and recommendations. The

copy will be furnished to the opposing party.  Failure to file timely objections may result

in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the Magistrate Judge recommends that the petition be summarily dismissed without prejudice for lack of jurisdiction.

On October 28, 1987, Petitioner was convicted of rape and aggravated robbery after a jury trial in Pulaski County Circuit Court. He was sentenced to forty years'

imprisonment on the rape conviction and twenty years' imprisonment on the aggravated robbery conviction, the sentences to run concurrently.  He appealed his convictions to the Arkansas Supreme Court and argued that the evidence was insufficient to sustain his convictions. On June 20, 1998, the Arkansas Supreme Court found that his argument was without merit and affirmed his convictions. *Taylor v. State*, 296 Ark. 89, 752 S.W.2d 2 (1988).

On April 11, 1997, Petitioner filed a petition with the Arkansas Supreme Court to proceed in circuit court pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.  He argued, *inter alia*, that trial counsel was ineffective.  On July 7, 1997, the Arkansas Supreme Court denied Petitioner's petition to proceed in circuit court pursuant to Rule 37. *Taylor v. State*, 1997 Ark. LEXIS 456 (Ark. Sup. Ct. July 7, 1997) (unpublished).

On December 10, 1997, Petitioner filed a § 2254 petition in this Court challenging his convictions for rape and aggravated robbery.  He raised the following grounds for relief:

1.    The trial court erred in failing to suppress statements he made while in police custody because the rights warning failed to inform him that he could have an attorney present even if he could not afford one;

2.    The trial court erred by issuing an order to compel hair, blood, and saliva specimens;

3.    Counsel "ignored inquiries of serious constitutional questions of custody"; and

4.    The trial court erred in failing to direct a verdict or declare a mistrial when a man who admitted prejudice against Petitioner was not eliminated as a juror and during recess Petitioner spoke to a

juror.

Pursuant to an order and judgment entered on July 7, 1998, the Magistrate Judge undersigned dismissed the petition with prejudice as time-barred under 28 U.S.C. § 2244(d).  *Taylor v. Norris*, PB-C-97-553 JFF (E.D. Ark. July 7, 1998).   On December 29, 1998, the Eighth Circuit denied Petitioner's application for a certificate of appealability.  *Taylor v. Norris*, No. 98-3412EAPB (8th Cir. Dec. 29, 1998) (unpublished).

On June 8, 1999, Petitioner filed a petition to correct illegal sentence in Pulaski County Circuit Court.  The circuit court apparently has not ruled on the petition.

On February 10, 2005, Petitioner filed a state petition for writ of habeas corpus in Pulaski County Circuit Court pursuant to Act 1780 of 2001 (codified as Ark. Code Ann. 16-112-201, *et seq.)*, seeking scientific evidence to prove his innocence. On March 15, 2005, the circuit court denied Petitioner's habeas corpus petition, finding that he failed to meet the predicate requirements under Act 1780 for testing by presenting a *prima facie* case that identity was an issue at trial and that the evidence to be tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect.   On April 15, 2005, Petitioner filed an untimely notice of appeal from the order denying his habeas corpus petition. He subsequently filed a motion for belated appeal with the Arkansas Supreme Court. On October 27, 2005, the Arkansas Supreme Court denied Petitioner's motion for belated appeal, finding that he failed to show good cause for failure to comply with the proper procedure*. Taylor v. State*, 2005 Ark. LEXIS 644 (Ark. Sup. Ct.

Oct. 7, 2005) (unpublished).

On August 24, 2007, Petitioner filed the pending § 2254 petition in this Court. As in his prior habeas petition, Petitioner challenges his 1987 state convictions for rape and aggravated robbery.  He has raised the following grounds for relief:

1.    His convictions were obtained by the unconstitutional failure of the prosecution to disclose favorable evidence to him;

2.    His convictions were obtained by unconstitutional custodial interrogation without any warning of rights during critical stages of the proceedings against him;

3.    His plea of guilty was unlawfully induced or not made voluntarily with an understanding of the nature of the charge and consequences of the plea; and

4.    His sentences violate his Sixth Amendment right to trial by jury, and the "procedure did not comply with [the] Sixth Amendment";

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to summarily dismiss a habeas corpus petition prior to any answer or other pleading by the State.[1]  Summary dismissal is appropriate under

---

[1]    Rule 4 provides:

The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Rule 4 where the face of the petition and the court records, of which a federal district court can take judicial notice, indicate that the petition is a second or successive petition filed without authorization from the appropriate court of appeals. *Harris v. Dretke*, 2004 U.S. Dist. LEXIS 14509 at ** 3-4 (N.D. Tex. July 28, 2004) (recommended disposition), adopted by order of district court, 2004 U.S. Dist. LEXIS 16273 (N.D. Tex. Aug. 13, 2004); *Scott v. Dretke*, 2005 U.S. Dist. LEXIS 31269 at ** 3-5 (N.D. Tex. Dec. 6, 2005) (recommended disposition), adopted by order of district court, 2005 U.S. Dist. LEXIS 36300 (N.D. Tex. Dec. 28, 2005); *Nash v. Beard*, 2006 U.S. Dist. LEXIS 80218 at ** 1-5 (M.D. Pa. Oct. 17, 2006). Before filing a second or successive habeas application in district court pursuant to § 2254, a petitioner is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over a successive habeas petition" until the court of appeals has granted the petitioner permission to file one. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997).

From the face of Petitioner's current § 2254 petition and the court records, it is apparent that the petition is a second or successive federal habeas application. Petitioner has not obtained authorization from the Eighth Circuit to file a second or successive application. Accordingly, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be summarily dismissed without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing

Section 2254 Cases.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be summarily dismissed without prejudice for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Dated this 11th day of September, 2007.


        /s/ John F. Forster, Jr.        
UNITED STATES MAGISTRATE JUDGE